UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| MARIE TAGGART | CIVIL ACTION |
| VERSUS | NO. 23-5114 |
| USAA CASUALTY INSURANCE CO., ET AL. | SECTION A (4) |

## ORDER AND REASONS

The following motion is before the Court: **Motion for Summary Judgment (Rec. Doc. 14)** filed by the defendant, USAA Casualty Insurance Co. The plaintiff, Marie Taggart, opposes the motion. The motion, noticed for submission on February 14, 2024, is before the Court on the briefs without oral argument.[1]

The plaintiff, Marie Taggart, filed this action for damages sustained to her Marrero, Louisiana property during Hurricane Ida. The defendant, USAA Casualty Insurance Co., insured the property. The plaintiff alleges that notwithstanding sufficient proof of loss the defendant has not paid for the covered damages and in doing so has violated the "bad faith" statutes of the Louisiana Insurance Code. Defendant removed the suit to this Court alleging diversity jurisdiction. The case was then placed into the Hurricane Ida CMO protocol being used in this district.

A settlement conference has been scheduled before the magistrate judge on February 21, 2024. (Rec. Doc. 10).

On January 8, 2024, the Court granted the defendant's request to file the instant motion for summary judgment *while the CMO stay remained in place*. The motion for summary

---

[1] The motion for summary judgment refers throughout to USAA Casualty Indemnity Co. although this entity is not a party to the case. Noting the discrepancy in the record, the Court directed the movant to correct it. (Rec. Doc. 13). The defendant subsequently corrected the record by clarifying that USAA Casualty Insurance Co. is the correct defendant, and that the motion for summary judgment was actually intended to be filed on behalf of this entity. (Rec. Doc. 16).

judgment is limited to the issue of whether the plaintiff's bad faith claims should be dismissed with prejudice. The Court allowed the filing while the CMO stay remained in place because the defendant characterized its motion as one presenting a *legal* question that should be resolved prior to the settlement conference in order to facilitate meaningful settlement discussions. (Rec. Doc. 12 at 1).

The Court having now reviewed and considered the defendant's motion, as well as the plaintiff's opposition, is persuaded that the motion for leave to file the motion for summary judgment was improvidently granted—the defendant's characterization of the motion for summary judgment as presenting a legal issue is not accurate—and beyond that the motion lacks merit for the reasons argued in the plaintiff's opposition memorandum.[2]

Accordingly, and for the foregoing reasons;

**IT IS ORDERED** that the **Motion for Summary Judgment (Rec. Doc. 14)** filed by the defendant, USAA Casualty Insurance Co., is **DENIED**.

February 20, 2024

_____
JUDGE JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE

---

[2] In her opposition memorandum the plaintiff raises a troubling argument—that the Court lacks diversity jurisdiction over this case because the jurisdictional amount is not satisfied. It is not facially apparent from the petition that the amount in controversy exceeded $75,000 at the time of removal. And while the defendant argues that it satisfied its burden by setting forth facts in controversy in the Notice of Removal, the fact remains that $40,987.30 in additional payments remained in controversy when the case was removed and the defendant used the demand for penalties and attorney's fees to tack on another $35,000 to the amount in controversy in order to remove the case. (Rec. Doc. 18, Reply at 5). The plaintiff refers to a demand letter dated February 1, 2023, which was several months *before* the case was removed in September 2023, where she offered to settle the entire case for $55,000.00. (Rec. Doc. 17, Opposition at 1). The Court could not locate that letter in the attachments of record but if the plaintiff's assertion is accurate then the defendant had to have known that the amount in controversy was not satisfied when it removed this case. Although the plaintiff suggests that the case should be remanded immediately, the parties shall participate in the upcoming settlement conference in good faith. If the case does not settle then the plaintiff may move to remand the case to state court.